# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

STUART L. STEIN, and STUART L. STEIN,
P.A., a professional law corporation d/b/a
THE STEIN LAW FIRM,

        Plaintiffs,

v.                                                                                                                                                                        No. CIV 05-928 BB/ACT

LEGAL ADVERTISING COMMITTEE OF
THE DISCIPLINARY BOARD, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court pursuant to a motion to dismiss filed by Defendants (Doc. 7). Having considered the submissions of the parties and the applicable law, the Court will Grant the motion in part and Deny it in part.

Plaintiffs maintain that Defendants are violating the First Amendment in their efforts to discipline Plaintiffs for certain advertisements disseminated in support of Plaintiffs' practice of law. Following a hearing on Plaintiffs' request for a temporary restraining order, this Court issued an order allowing limited discovery into the issue of whether Defendants are providing or will provide an adequate state forum in which Plaintiffs may litigate the constitutionality of Defendants' actions, including their restrictions on Plaintiffs' commercial speech (Doc. 22). In their complaint, Plaintiffs have requested both declaratory and monetary relief. Defendants filed this motion to dismiss prior to the Court's order on the request for a temporary restraining order; Defendants ask for dismissal of all claims. If this motion is granted, therefore, it would obviate any need to address the adequate-state-forum question.

**Standard**: In considering a motion to dismiss, all well-pleaded factual allegations in the complaint are accepted as true and viewed in the light most favorable to the nonmoving party. *Sutton v. Utah State Sch. for the Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). A 12(b)(6) motion should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. " *Conley v. Gibson*, 355 U.S. 41, 45-46, (1957). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir.1991).

**Declaratory Relief:** Defendants maintain that Plaintiffs' request for declaratory relief is moot because of the following: (1) the disciplinary proceedings arising out of Plaintiffs' advertisements have ended; (2) the rules governing attorney advertising, upon which the disciplinary proceedings were based, have been withdrawn by the New Mexico Supreme Court, and a very different version has been promulgated; (3) the Legal Advertising Committee ("LAC") has been disbanded; and (4) Plaintiffs' request for a declaratory judgment from the Disciplinary Board of the New Mexico State Bar ("Board") has been dismissed as moot, due to the withdrawal of the former advertising rules. Defendants maintain that "claims for declaratory relief are rendered moot when the past conduct is not likely to recur." [MSJ brief, p. 11] Plaintiffs, on the other hand, point out that the state bar's disciplinary counsel has filed a motion to reopen the disciplinary proceedings, asking that the new version of the attorney advertising rule be applied to Plaintiffs and that Plaintiffs be disciplined as a result. Plaintiffs therefore argue that the past conduct is extremely likely to recur. Defendants' reply to this argument is to maintain that Plaintiffs' request for declaratory relief is directed only at the superseded advertising rules, not the new rule.

2

The Court agrees that any request for a declaration that the old advertising rules were unconstitutional, or were unconstitutionally applied to Plaintiffs' advertising, is now moot, given the withdrawal of those rules. *See Utah Animal Rights Coalition v. Salt Lake City Corp.*, 371 F.3d 1248, 1256-57 (10th Cir. 2004) (repeal of a challenged statute makes it clear that the allegedly wrongful behavior could not reasonably be expected to recur, and renders challenge moot). However, the Court does not believe Plaintiffs' request for declaratory relief is as narrow as Defendants portray it. Plaintiffs' complaint, while focusing in large part on the superseded rules and past actions of the now-defunct LAC, also requests a declaratory judgment to the effect that Plaintiffs' advertisements are protected commercial speech under the First Amendment. Plaintiffs in effect request a declaration that Defendants may not regulate that commercial speech in an unconstitutional manner. This request is broad enough to encompass not only the now-superseded advertising rules, but the new rule as well. Given this situation, as well as the pending request to reopen the disciplinary proceedings,[1] the Court finds Plaintiffs' request for declaratory relief is not moot, as there is more than a little likelihood that Defendants' past conduct will be repeated.[2]

---

[1] The Court recognizes it is not clear whether disciplinary counsel's motion to reopen the proceedings will be granted. However, given the long procedural history of the disciplinary proceedings, which have not yet afforded Plaintiffs an opportunity to obtain a final opinion as to whether their advertisements are constitutionality protected or not, it does not seem appropriate to dismiss this case only to force Plaintiffs to file another lawsuit if disciplinary counsel's request is granted. If the factual situation warrants a stay of this action to avoid a waste of judicial resources as well as the parties' resources, the Court will consider such a stay upon a proper request by the parties. Presumably the limited discovery that has been conducted on the adequate-state-forum issue will shed some light as to whether a stay might be appropriate.

[2] This holding does not mean the Court will agree to hear this case, rather than abstaining under the authority of *Younger v. Harris*, 401 U.S. 37 (1971). Should the Court find, as a result of the limited discovery allowed to date, that Plaintiffs will be provided an adequate state forum in which to raise their constitutional claims during the disciplinary proceedings, the proper course of action will be to abstain to allow those proceedings to run their course.

**Monetary Relief:** Defendants argue that the LAC and its individual members, the Board and its individual members, and the Supreme Court and its individual members are all absolutely immune from suit for monetary damages. Plaintiffs concede they are not asking for monetary damages from the Supreme Court and its individual members, but contend the LAC and Board Defendants are not entitled to absolute immunity. The Court disagrees with Plaintiffs, and holds that all Defendants have quasi-judicial immunity which protects them from any monetary damage award under the circumstances of this case.

The general rule concerning absolute quasi-judicial immunity is as follows: "[J]udicial immunity serves to provide absolute immunity from subsequent damages liability for all persons...who are integral parts of the judicial process...Quasi-judicial immunity is extended to prosecutors, administrative law judges, and state bar associations, their personnel and committees." 48A C.J.S. JUDGES § 209 (May 2006). Absolute immunity has been granted to state bar committees acting in the areas of admission to the bar, the unauthorized practice of law, and discipline of bar members. *See, e.g., Sparks v. Character and Fitness Comm. of Kentucky*, 859 F.2d 428, 431 (6th Cir. 1988) (admissions); *Simons v. Bellinger*, 643 F.2d 774 (D.C. Cir. 1980) (unauthorized practice of law); *Kissell v. Breskow*, 579 F.2d 425, 429-30 (7th Cir. 1978) (disciplinary committee); *Clulow v. Oklahoma*, 700 F.2d 1291, 1298 (10th Cir. 1983), *overruled on other grounds*, *Garcia v. Wilson*, 731 F.2d 640 (10th Cir. 1984) (same). The reasoning behind such grants of immunity has been two-fold: first, these committees are acting as arms of their respective state supreme courts, and second, they are performing, by delegation, the judicial function of regulating attorney conduct, which is a power reserved to the judiciary.

The only question remaining, therefore, is whether the result should be different with respect to the LAC and its members. There is no principled reason to distinguish between the two. The

LAC, while it was in existence, regulated just one facet of the practice of law--the advertising promulgated by attorneys. In doing so, the LAC acted as an arm of the Supreme Court, just as the Board does when it acts in the broader field of attorney discipline. In fact, the LAC did not even have final decision-making authority with respect to attorney advertising; instead, the LAC simply referred "problem" advertisements to the Board so the Board could decide whether to pursue disciplinary action. *See Stein v. Legal Advertising Comm. of the Disciplinary Bd.*, 122 Fed. Appx. 954 (10th Cir. 2004). Since the LAC was simply an extension of the Board, all of the considerations militating in favor of applying quasi-judicial absolute immunity to the Board also augers in favor of granting the same immunity to the LAC and its members. The Court therefore holds that all Defendants in this case are entitled to absolute immunity from monetary liability.

**Possible Request for Injunctive Relief:** Defendants point out that Plaintiffs' complaint asks that the Supreme Court be required to promulgate constitutionally adequate rules concerning professional discipline, allowing a risk-free avenue for attorneys to obtain rulings regarding their advertisements. [Doc. 1, p. 23] Defendants argue that the Supreme Court is entitled to absolute immunity from such a request, because promulgation of such disciplinary rules is a legislative function. The Court agrees that, to the extent Plaintiffs might have intended to ask for such injunctive relief, it is barred by both the doctrine of legislative immunity and 42 U.S.C. § 1983 itself. *See Supreme Court of Virginia v. Consumers Union*, 446 U.S. 719, 732-34 (1980) (absolute legislative immunity bars § 1983 lawsuit against Virginia Supreme Court requesting injunctive relief as to disciplinary rules); 42 U.S.C. § 1983 (in any action brought against a judicial officer, injunctive relief shall not be granted unless declaratory relief was unavailable). Therefore, the Court will not consider any request to order the New Mexico Supreme Court to take any action with respect to its disciplinary or advertising rules.

**Rooker-Feldman Argument:** Defendants maintain this case should be dismissed because the Rooker-Feldman doctrine deprives this Court of jurisdiction. However, the Rooker-Feldman doctrine has recently been severely limited by the Supreme Court. In *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005), the Supreme Court held that Rooker-Feldman applies only in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 284. In this case, there has been no state-court judgment yet, and Plaintiffs are therefore not state-court losers complaining of a judgment that was entered before they commenced this lawsuit.[3] For that reason, the Rooker-Feldman doctrine does not apply to this case. *See, e.g., Tast v. Dean*, 2006 WL 1484915 (10th Cir.) (holding that this Court erred in applying the Rooker-Feldman doctrine where plaintiff had filed his lawsuit before the state-court proceedings had ended).

**Eleventh Amendment Immunity:** Defendants maintain that Eleventh Amendment immunity precludes this lawsuit as it applies to the LAC, the Board, and all Defendants who are being sued in their official capacities. Plaintiffs appear to agree, as in response they state they are suing the members of the LAC and the Board for money damages in their individual capacities. Due to the

---

[3]Defendants argue otherwise, contending that the Board's dismissal of Plaintiffs' request for a declaratory judgment, on the grounds the request was moot, is a final state judgment that Plaintiffs cannot now challenge in federal court. As noted above, any challenge in this case to the application of the old advertising rules to Plaintiffs' advertising is moot, because the rules have been withdrawn, and it is unnecessary to apply Rooker-Feldman to bar such a challenge. However, Plaintiffs are also challenging the new advertising rule as disciplinary counsel is attempting to apply it to Plaintiffs' advertising, and that challenge is not moot. At this point, there has been no state judgment concerning that challenge. Furthermore, Plaintiffs can hardly be considered "state-court losers" in the prior Board proceeding; the request for declaratory judgment was not addressed on its merits, but was dismissed after the challenged rules were withdrawn. This is not an appropriate case for application of the Rooker-Feldman doctrine.

Court's decision concerning absolute quasi-judicial immunity, this issue appears to be moot; Plaintiffs will not be able to recover monetary damages from any of the Defendants. The Court notes that the Eleventh Amendment does not bar suits seeking prospective declaratory relief against state officers, and therefore does not affect that aspect of this case. *See Robinson v. Kansas*, 295 F.3d 1183, 1188 (10th Cir.2002).

**Conclusion:** Based on the foregoing discussion, the motion to dismiss filed by Defendants will be granted as to Plaintiffs' claims for monetary damages, and denied as to Plaintiffs' claims for declaratory relief against the individual Defendants. In addition, to the extent Plaintiffs might be seeking injunctive relief against the New Mexico Supreme Court, that claim will be dismissed as well. Finally, any challenges Plaintiffs might be attempting to raise concerning the past application of the withdrawn advertising rules will not be considered by the Court. The only claims remaining in the case, at this point, are Plaintiffs' constitutional challenges concerning the prospective application of the new advertising rule to their advertisements. The Court understands Defendants' frustration with the fact that Plaintiffs appear to file in federal court at the first sign of any disciplinary action, rather than attempting to exhaust the processes provided by the state Supreme Court. However, the fact remains that no court or administrative body has yet determined whether Plaintiffs' constitutional objections to the regulation of their commercial speech have any merit, and such a determination must be made before Plaintiffs' claims can be considered decided. The Court emphasizes yet again that this decision should not be construed as any indication that *Younger* abstention will not be applied, if appropriate, in this case, once the parties have asked the Court to address the results of the limited discovery previously allowed by the Court. It may well be that, as judges in this district and the Tenth Circuit have held more than once, the appropriate forum in which to litigate Plaintiffs' constitutional claims is the forum provided by the state disciplinary process rather than federal court.

## ORDER

A Memorandum Opinion having been filed on this date, it is hereby ORDERED that the motion to dismiss filed by Defendants (Doc. 7) be, and hereby is, GRANTED in part and DENIED in part.

Dated this 28th day of September, 2006.

BRUCE D. BLACK
United States District Judge

**Attorneys:**

**For Plaintiffs**
Stuart L. Stein

**For Defendants**
Jerry A. Walz